UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 5:22-cr-117-LCB-HNJ-1 |
| § | |
| DONALD THEODORE ISAAC § | |

## OPINION & ORDER

Before the Court is Defendant Donald Isaac's Motion to dismiss Counts II and III of the Superseding Indictment.[1] In sum, Defendant argues that 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1) are unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). For the forthcoming reasons, the Court **DENIES** Defendant's Motion in full.

## I. BACKGROUND

Defendant is a convicted felon.[2] For conduct on or about December 9, 2021, the three-count Superseding Indictment charges him with the following: Possession

---

[1] In April 2022, a Northern District of Alabama grand jury returned a three-count indictment against Defendant. (Doc. 1.) Defendant originally filed his Motion (Doc. 16) to dismiss on September 12, 2022. After the Government filed its Response (Doc. 21), and Defendant, his Reply (Doc. 22), the Government subsequently filed a Superseding Indictment (Doc. 23). The Superseding Indictment sets forth the same three counts asserted in the original; the Government merely modified the charging language. (*Compare* Doc. 1, *with* Doc. 23.) Defendant accordingly filed the instant Motion (Doc. 26) to dismiss "for the same reasons and on the same grounds" asserted in his original motion (Doc. 16) and Reply (Doc. 22). (Doc. 26 at 1.)

[2] Each prior felony conviction is cited in the Superseding Indictment. (Doc. 23 at 3–5.) Before committing the acts upon which the Superseding Indictment is based, Defendant "incurred three or more final convictions of a violent felony or serious drug offense, or both, and at least three of those crimes were committed on occasions different from one another, in accordance with [18 U.S.C. § 924(e)]." (Doc. 23 at 4.)

of a controlled substance with the intent to distribute, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count I); possession of a firearm in connection with Count I, pursuant to 18 U.S.C. § 924(c)(1)(A) (Count II); and possession of that same firearm—in light of his then- and now-existing status as a convicted felon—pursuant to 18 U.S.C. § 922(g)(1) (Count III). (Doc. 23 at 1–5.)

Count I is not the subject of Defendant's Motion, which instead addresses Counts II and III—the firearm charges—and claims they should be dismissed on Second Amendment grounds.

## II. LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to request pre-trial dismissal of charges where there exists "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "It is obvious that the primary and important question in all the cases is the constitutionality of the law; for if the law is unconstitutional none of the prosecutions can stand." *The Civil Rights Cases*,

109 U.S. 3, 8–9 (1883). If a defendant is charged with violating a law that proves unconstitutional, then the indictment is defective, and the charge must be dismissed.[3]

A district court's review of an indictment upon motion to dismiss is not "a pre-trial determination of sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam). Instead, a court looks to the face of an indictment to determine its sufficiency. *Id.* Accordingly, today's Order speaks nothing at all of the Government's ability to present evidence sufficient of proving its case against Defendant. The sole issue before the Court is the constitutionality of the statutes upon which Counts II and III rest.

## III.   DISCUSSION

Defendant contends that an unqualified prohibition on firearm possession for felons, 18 U.S.C. § 922(g)(1), and a prohibition on firearm usage in connection with drug-trafficking offenses, 18 U.S.C. § 924(c)(1), run afoul of the Second Amendment to the United States Constitution.[4] In support, Defendant argues that the Supreme Court's 2022 decision in *Bruen* "demands a fresh look" at those statutes

---

[3] *See also, e.g.*, *United States v. Myers*, 591 F. Supp. 2d 1312 (S.D. Fla. 2008) ("Distilled to its essence, the Court's analysis is simply a matter of determining whether the laws Defendant is charged with violating are unconstitutional. If they are, then the Indictment must be dismissed."), *rev'd on other grounds*, 584 F.3d 1349 (11th Cir. 2009) (per curiam); *United States v. Hunter*, 2022 WL 17640254, at *1–2 (N.D. Ala. Dec. 13, 2022) ("An indictment is defective if it alleges violation of an unconstitutional statute"); 2 ORFIELD'S CRIMINAL PROCEDURE § 12:115 (same).

[4] "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST. amend. II.

and that this Court must review them anew, "under *Bruen*'s originalist framework." (Doc. 16 at 7.) Applying that framework, Defendant contends, the Court should find the statutes unconstitutional. Needless to say, this Court does not share Defendant's fantastical reading of *Bruen*.

### A.  Section 922(g)(1) is not unconstitutional.

"[I]t has always been widely understood that the Second Amendment . . . codified a *pre-existing* right," *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008), namely, the right "to keep and bear arms," U.S. CONST. amend. II. But that right, like most others, "is not unlimited." *Heller*, 554 U.S. at 626.

In *Heller*, "the biggest Second Amendment case ever decided,"[5] the Supreme Court conducted extensive[6] historical analysis and recognized, in general terms, that the right to possess a firearm for lawful purposes extends to individuals (and is not tied to militia service). Because *Heller* was "the Court's first in-depth examination of the Second Amendment," the opinion was not intended to "clarify the entire field." *Id.* at 626, 635. The Court did, however, illuminate the opinion's bounds by providing an illustrative list of commonplace firearm regulations that presumptively do *not* offend the Constitution, including "longstanding prohibitions on the

---

[5] *United States v. Skoien*, 614 F.3d 638, 647 (7th Cir. 2010) (Sykes, J., dissenting) (quoting Akhil Reed Amar, *Heller, HLR, and Holistic Legal Reasoning*, 122 HARV. L. REV. 145, 147 (2008).

[6] *See McDonald v. City of Chicago*, 561 U.S. 742, 788 (2010) (noting, with respect to *Heller*, that "[f]ew other questions of original meaning have been as thoroughly explored.").

possession of firearms by felons." *Id.* at 626 (declaring that "nothing in our opinion should be taken to cast doubt on" those regulations). With respect to gun-violence concerns, the Court reiterated that "[t]he Constitution leaves the [government] a variety of tools for combating that problem, including some measures regulating handguns," again citing the aforementioned examples of constitutionally proper regulations. *Id.* at 636.

In *Heller*'s wake, a variety of constitutional challenges arose in federal courts nationwide, and appellate panels were resultingly tasked with applying a newly minted jurisprudential framework to regulations unaddressed the Supreme Court's first groundbreaking Second Amendment case.[7] Some questions, however, were left far less amenable to reasonable disagreement—particularly the question of § 922(g)(1)'s viability.[8]

In *United States v. Rozier*, for example, the Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." 598 F.3d 768, 770–71 (11th Cir. 2010) (per curiam) (upholding § 922(g)(1)). The decision relied substantially on *Heller*'s

---

[7] *E.g.*, *Ezell v. City of Chicago*, 651 F.3d 684, 689–90 (7th Cir. 2011) (discussing ordinance that mandated firing-range training as prerequisite for gun ownership but simultaneously prohibited all firing ranges in city, noting that "[t]o be fair, the standards for evaluating Second Amendment claims are just emerging, and this type of litigation is quite new").

[8] *See, e.g.*, *Bruen*, 142 S. Ct. at 2161 (Alito, J., concurring) ("*Heller* correctly recognized that the Second Amendment codifies the right of ordinary *law-abiding* Americans to protect themselves from lethal violence by possessing and, if necessary, using a gun." (emphasis added)).

5

statement[9] that nothing therein "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 771 (quoting 554 U.S. at 626–27) In addition, the court reasoned that when the controversy presented in *Heller* was actually decided, the Supreme Court conditioned relief on the presumption that Heller was "not disqualified from the exercise of Second Amendment rights." *Id.* at 770–71 (quoting 554 U.S. at 635).

That decision binds this Court absent some convincing indication that its precedential impact has been extinguished. As is true for any published Eleventh Circuit decision, this Court is powerless to overlook *Rozier*'s unequivocal instruction without subsequent direction from the Supreme Court (or the Eleventh Circuit *en banc*) either expressly overruling *Rozier* or undermining it to the point of abrogation. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). To abrogate precedent without expressly doing so, a "decision must be *clearly on point*." *Archer*, 531 F.3d at 1352 (emphasis added) (quoting *Garrett v. Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003)). If the subsequent Supreme Court (or *en banc*) decision does not "directly

---

[9] Defendant devotes considerable time to the argument that the above-cited *Heller* language is dicta and, furthermore, that relying upon it is improper. (Doc. 22 at 3–6.) The *Rozier* defendant argued the same, and the Eleventh Circuit rejected it. *Rozier*, 598 F.3d at 771 n.6 (reasoning that "to the extent that this portion of *Heller* limits the Court's opinion to possession of firearms by law-abiding and qualified individuals, it is not dicta" and that even "to the extent that this statement is [dicta], we shall still give it considerable weight"); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir.1997) ("[D]icta from the Supreme Court is not something to be lightly cast aside."). In short, the Eleventh Circuit has already sanctioned reliance on that language.

6

conflict with, as opposed to merely weaken, the holding of the prior panel," the panel's decision has not been abrogated. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (noting that no "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time" is sufficient grounds for casting the holding aside).[10]

On the abrogation front, Defendant cites *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). In sum, he alleges that *Rozier* is irreconcilable with *Bruen* and, accordingly, that the Court's constitutional review of § 922(g)(1) is unaided by *Rozier*. (Doc. 22 at 1, 14.) Defendant's argument is fatally flawed.

To begin, the *Rozier* court's post-*Heller* determination of § 922(g)(1)'s validity remains binding in this Circuit because *Bruen* is not clearly on point with respect to *Rozier*, so the prior panel rule renders this Court powerless to set *Rozier* aside. The *Bruen* claimant was a *law-abiding citizen* with grievances about the state's restriction of his ability exercise rights protected by the Second Amendment.

---

[10] The Eleventh Circuit has "categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule." *Lambrix*, 776 F.3d at 794; *see also Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006) (noting that precedent "cannot be circumvented or ignored on the basis of arguments not made to or considered by the panel"); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (noting that precedent is not subject to abrogation based upon "a subsequent panel's appraisal of the initial decision's correctness," upon "the skill of the attorneys or the wisdom of the judges involved with the prior decision," or otherwise "upon what was argued or considered").

*Bruen*, 142 S. Ct. at 2156 ("New York's proper-cause requirement violates the Fourteenth Amendment *in that it prevents law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." (emphasis added)). Nothing about Congress's ability to keep firearms out of the hands of felons was decided or otherwise disturbed.  *id.* at 2157 (Alito, J., concurring) ("[T]oday's decision therefore holds that a State may not enforce a law . . . that effectively prevents its law-abiding residents from carrying a gun for [a lawful] purpose. That is all we decide."); *see also United States v. Williams*, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) ("At issue in *Bruen* were the Second Amendment rights of 'law-abiding citizens'"); *United States v. Burgess*, 2023 WL 179886, at *5 (6th Cir. Jan. 13, 2023) (discussing separate but related issues). In Justice Alito's words, *Bruen* changed "nothing about who may lawfully possess a firearm." *Id.* at 2157–59 (Alito, J., concurring) ("I reiterate: *All that we decide* in this case is that the Second Amendment protects the right of *law-abiding people* to carry a gun outside the home for self-defense." (emphasis added)). "It is axiomatic that a felon is not a law-abiding citizen," so "the *Bruen* decision is not 'clearly on point.'" *Williams*, 2022 WL 17852517, at *2 ("Accordingly, the Court concludes that *Rozier* remains controlling precedent in this circuit.").

Other recent decisions in this Circuit have also rejected Second Amendment challenges to §922(g)(1), expressly finding that *Rozier* is not irreconcilably

8

inconsistent with *Bruen*'s subsequent instruction.[11] And that disposition is not particularly unique: "Federal Courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute."[12]

---

[11] *United States v. Hunter*, 2022 WL 17640254, at *3, *6 (N.D. Ala. Dec. 13, 2022) (Proctor, J.) (noting that "the Eleventh Circuit did not rely on means-end scrutiny to reach its holding in *Rozier*, nor did it apply the prohibited two-step analysis," and holding that "*Rozier* is still good law"); *United States v. Brown*, No. 1:22-cr-205, ECF Doc. 28 (N.D. Ala. Sept. 29, 2022) (Maze, J.) (finding that "*Rozier* remains good law that this court must follow"); *United States v. Mitchell*, 2022 WL 17492259, at *1 (S.D. Ala. Nov. 17, 2022) (finding that *Bruen* "did not change the regulatory framework that prohibits felons from possessing firearms" and that "the Eleventh Circuit has previously rejected a Second Amendment challenge to 922(g)(1) in [*Rozier*]"); *United States v. Green*, 2022 WL 17718659, at *2 (N.D. Fla. Nov. 14, 2022) ("Given this Eleventh Circuit precedent and the language of *Heller*, there is no merit to Defendant's claim that he is actually innocent because 18 U.S.C. § 922(g)(1) is unconstitutional."); *United States v. Williams*, 2022 WL 17852517, at 2 (N.D. Ga. Dec. 22, 2022) (holding that "*Rozier* remains controlling precedent in this circuit").

[12] *United States v. Cockerham*, 2022 WL 4229314, at *2 (S.D. Miss. Sept. 13, 2022) (citing numerous decisions to that effect); *see also, e.g.*, *United States v. Garrett*, 2023 WL 157961, at *1–2 (N.D. Ill. Jan. 11, 2023) (following Seventh Circuit precedent upholding § 922(g)(1) because "the majority opinion in *Bruen* . . . does not address the 'longstanding prohibitions on the possession of firearms by felons'"); *United States v. King*, __ F. Supp. 3d __, 2022 WL 5240928, at *5 (S.D.N.Y. Oct. 6, 2022) (finding the constitutional challenge to § 922(g) "meritless" because (1) "*Bruen* made abundantly clear that *Heller* and *McDonald* stand as controlling precedents"; (2) "the *Bruen* majority repeatedly notes that the petitioners are 'law-abiding' citizens"; (3) "Justice Alito, in his concurrence opinion, explicitly clarifies that *Bruen* does not 'disturb anything . . . in *Heller* . . . about restrictions that may be imposed'"; and (4) "Justice Kavanaugh, joined by Chief Justice Roberts, reiterates in his [*Bruen*] concurrence that 'the Second Amendment allows a 'variety' of gun regulations' as prescribed by Heller."); *United States v. Young*, __ F. Supp. 3d __, 2022 WL 16829260, at *1 (W.D. Pa. Nov. 7, 2022) ("This Court joins several other district courts presented with the same or a similar question, and concludes that the decision of the Supreme Court in *Bruen*, does not undermine or negate the constitutionality of Section 922(g) as established by prior caselaw."); *United States v. Jackson*, 2022 WL 4226229, at *2 (D. Minn. Sept. 13, 2022) ("While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay* . . . . This remains good law."); *United States v. Coleman*, 2023 WL 122401, at *1 (N.D. W. Va. Jan. 6, 2023) ("Upon first glance, the Defendant's argument appears somewhat persuasive. . . . "However, a more careful examination of his legal argument—and the Supreme Court's decision underpinning it—reveals a mirage.").

Moreover, *Bruen* expressly sought to *clarify* the proper application of the *Heller* decision, not to invalidate or otherwise undermine it. *Bruen*, 142 S. Ct. at 2134 (making "the constitutional standard endorsed in *Heller* more explicit"); *id.* at 2157 (Alito, J., concurring) ("Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns."). So the law in *Rozier*—that is, *Heller*—cannot logically be said to have changed. And one need look no further than *Bruen* majority's introductory sentence to see that *Heller* must not be construed to thwart Congress's constitutional felon-in-possession ban. *Id.* at 2122 ("In [*Heller*] and [*McDonald*], we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."); *see also, e.g.*, *United States c. Coleman*, 2023 WL 122401, at *1 (N.D. W. Va. Jan. 6, 2023) ("From the first paragraph of its opinion . . . . the Court's rationale is firmly built upon its chosen 'law abiding' language, which appears throughout *Bruen*.").

In addition, Justice Kavanaugh, joined by the Chief Justice, specifically recalled *Heller*'s constitutional-regulation language in an effort to reiterate the collaborative, rather than disjointed, relationship between *Bruen* and *Heller*. *Id.* at 2161–62 (Kavanaugh, J., concurring) (noting that "the Second Amendment allows a 'variety' of gun regulations," including "longstanding prohibitions on the

possession of firearms by felons" (quoting *Heller*, 554 U.S. at 626–27, 627 n.16, 636)).

While the *Bruen* Court did, in its effort to clarify *Heller*, forbid lower courts from continuing to apply a two-step, interest-balancing approach commonly termed "means-end" scrutiny,[13] the Eleventh Circuit did not adopt that test until two years after *Rozier* was handed down.[14] *Rozier* never relied upon (or even mentioned) the prohibited analysis. It merely applied *Heller*'s instruction regarding the constitutionality of disallowing felons from possessing firearms. In sum, *Rozier* represents the Eleventh Circuit's construction of *Heller* with respect to § 922(g)(1); *Bruen* did not disturb *Heller* but took great lengths to clarify it, and nothing in *Bruen* conflicts with the Eleventh Circuit's construction of *Heller* regarding § 922(g)(1)'s harmony with the Second Amendment.

The Court simply lacks the legal authority to strike down 18 U.S.C. § 922(g)(1) as unconstitutional and accordingly declines to dismiss Count III.

---

[13] *Bruen*, 142 S. Ct. at 2127–29. "Step one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history. But *Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context." *Id.* (noting that *Heller* "expressly rejected the application of any 'judge-empowering interest-balancing inquiry'").

[14] *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1324 (11th Cir. 2015) (citing 687 F.3d 1244, 1260 n.34 (11th Cir. 2012)) ("For the first time we joined our sister circuits in extrapolating from *Heller* and *McDonald* a two-step inquiry for evaluating Second Amendment claims.").

**B.     Section 924(c)(1)(A) is not unconstitutional.**

Even more breathtaking is Defendant's Second Amendment challenge to § 924(c)(1)(A), which penalizes "any person who, during and in relation to any crime of violence or drug-trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm.'" 18 U.S.C. § 924(c)(1)(A).

In *United States v. Thorton*,[15] an unreported pre-*Bruen* decision, the Eleventh Circuit rejected a Second Amendment challenge to § 924(c)(1)(A), reasoning that *Heller* in no way casts doubt on the statute's constitutionality. In addition, and more importantly, the Court is unable to glean anything from *Heller*, *McDonald*, *Bruen*, or elsewhere indicating that § 924(c)(1)(A) is any less constitutional than § 922(g)(1). *See, e.g.*, *Heller*, 554 U.S. at 626 ("From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a

---

[15] 395 F. App'x 574, 576–77 (11th Cir. 2010). The Court acknowledges that, in *Thorton*, the court of appeals reviewed the issue only for plain error, rather than *de novo*, because the defendant raised the argument for the first time on appeal. *Id.* It should also be noted, however, that the *Thorton* court was by no means alone in upholding § 924(c)(1)(A) between *Heller* and *Bruen*. *Ricks v. United States*, 2013 WL 3894913, at *5 (W.D. Tex. July 26, 2013) ("Every Circuit that has addressed the issue, has found that § 924(c)(1) does not violate the Second Amendment since the Second Amendment only protects the right to bear and keep arms for lawful purposes and the furtherance of a drug trafficking crime is clearly not a lawful purpose.") (first citing *United States v. Bryant*, 711 F.3d 364, 370 (2d Cir. 2013); then citing *United States v. Potter*, 630 F.2d 1260, 1261 (9th Cir. 2011); then citing *Thorton*, 395 F. App'x at 577; then citing *Costigan v. Yost*, 334 F. App'x 460, 462 (3rd Cir. 2009); then citing *United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009); and then citing *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008)). The Court finds *Thorton* and the above-cited cases persuasive.

right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.")

Despite instances in which the Supreme Court has directly discussed felon-in-possession bans without express mention of § 924(c)(1)(A), "the rationale also applies to that statute in equal or greater measure." *United States v. Ingram*, 2022 WL 3691350, at *3 (D.S.C. Aug. 25, 2022) (noting that because § 924(c)(1)(A) prohibits firearm possession "by non-law-abiding citizens for unlawful purposes," the restricted conduct is "unprotected by the Second Amendment."). To be sure, district courts have less frequently faced post-*Bruen* challenges to § 924(c)(1)(A) than to § 922(g)(1), but no such challenge has resulted in a finding that *Bruen* somehow invalidates § 924(c)(1)(A). *United States v. Garrett*, 2022 WL 157961, at *3 (N.D. Ill. Jan. 11, 2023) (upholding both statutes and recognizing the courts' agreement) (citations omitted). And the consensus makes good sense: "The *Bruen* Court explained that *Heller* does not support the two-step means-ends scrutiny applied by the circuit courts, but it did not alter Heller's holding that the Second Amendment protects the firearms rights of *law-abiding* citizens." *United States v. Smith*, No. 3:16-cr-86, ECF Doc. 1272 at 6 (D. Alaska Sept. 6, 2022) (rejecting Second Amendment challenge to § 924(c)); *accord, e.g.*, *United States v. Snead*, 2022 WL 16534278, at 2 (W.D. Va. Oct. 28, 2022) (rejecting challenge to §924(c)(1)(A) because, as has been "repeatedly emphasized" by the Supreme Court,

13

"the Second Amendment protects firearm possession and use by law-abiding citizens"). Nothing in the Second Amendment caselaw or scholarship compels this Court to hold any differently with respect to § 924(c)(1)(A).[16]

For those reasons, the Court cannot conclude that § 924(c)(1)(A) is unconstitutional; the Court accordingly declines to dismiss Count II.

## IV.   CONCLUSION

As a district judge in West Virginia recently articulated in response to a § 922(g)(1) attack, "Defendant sees something in *Bruen* that simply is not there." *United States v. Coleman*, 2023 WL 122401, at *1 (N.D. W. Va. Jan. 6, 2023).

Both § 922(g)(1) and § 924(c)(1)(A) are constitutional. Defendant's Motion (Doc. 26) to dismiss Counts II and III of the Superseding Indictment (Doc. 23) is accordingly **DENIED**. Defendant's Motion (Doc. 16) to dismiss the original indictment is **DENIED** as **MOOT**.[17]

---

[16] *See Heller*, 554 U.S. at 620 (recalling precedents that "described the right protected by the Second Amendment as 'bearing arms for a lawful purpose'"); *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (describing the "central holding in *Heller*" as follows: "the Second Amendment protects a personal right to keep and bear arms for lawful purposes"). Defendant argues, in part, that § 924(c)(1)(A) is unconstitutional because it encompasses not only the carrying of firearms "on the person" but "also applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126–27 (1998). But however the Supreme Court interprets language forbidding the "use[] or carr[y]" of firearms "during and in relation to" drug-trafficking crimes, "it cannot seriously be contended that the Second Amendment guarantees a right to use a firearm" in connection with an unlawful endeavor. *United States v. Potter*, 630 F.2d 1260, 1261 (9th Cir. 2011). *Bruen* in no way casts doubt upon the Congress's ability to criminalize the "use" of a firearm for an unlawful purpose, and the Court, of course, is bound by the Supreme Court's statutory interpretation.

[17] *See* note 1, *supra*.

14

**DONE** and **ORDERED** January 31, 2023.[18]

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[18] The Court need not hold an evidentiary hearing before disposing of Defendant's motion to dismiss because, as explained above, the motion fails to allege facts that if proven would entitle Defendant to his requested relief. *See, e.g.*, *United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984) (per curiam) (holding that a district court need not hold a pretrial criminal motion when the motion "fails to allege facts that if proved would require the grant of relief"); *United States v. Ruiz-Murillo*, 736 F. App'x 812, 817 (11th Cir. 2018) (per curiam) (same).